UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JONATHAN GAVRIELOF and MICHELE KHAIMOVA,

                        Plaintiff,

-against –

THE HOME DEPOT U.S.A., INC.,

                        Defendant.
-------------------------------------------------------------------X

Docket No.:

**PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §1446(a) DIVERSITY**

**TO THE CLERK OF THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**:

**PLEASE TAKE NOTICE** that Defendant, HOME DEPOT U.S.A., INC. *i/s/h/a* THE HOME DEPOT U.S.A., INC. ("Home Depot"), hereby submits this Petition for Removal, with full reservation of all defenses, from the Supreme Court of the State of New York, County of Queens, to the United States District Court, EASTERN DISTRICT of New York in accordance with 28 U.S.C. §1446 and respectfully represents as follows:

**PLAINTIFF'S COMPLAINT AND NATURE OF THE ACTION**

1.     On July 7, 2020, this action was filed with the Court against HOME DEPOT U.S.A., INC., in the Supreme Court of the State of New York, County of Queens, Index Number 709402/2020. Pursuant to 28 U.S.C. §1446(a), copy of the Summons/Complaint is annexed hereto as **Exhibit "A."**

2.     In his Complaint, the plaintiff alleges personal injury from an incident which occurred on July 29, 2019 at 75-09 Woodhaven Boulevard, Glendale, New York 11358 due to Home Depot's negligence. **Exhibit "A."**

3.     Home Depot was personally served on July 20, 2020. **Exhibit "B"**.

4.     Home Depot served its Answer on August 13, 2020. **Exhibit "C"**.

5. On August 13, 2020, Home Depot served a Demand for a Bill of Particulars, along with a Demand for Supplemental Statement of Damages, pursuant to CPLR3017(c) upon the plaintiff. **Exhibit "D"**.

6. A Request for Judicial Intervention with a Request for a Preliminary Conference was filed on October 14, 2020. **Exhibit "E".**

7. On September 23, 2020, October 8, 2020, and April 7, 2021, Home Depot followed up in good faith seeking a response to its Demand for Supplemental Statement of Damages to ascertain the amount in controversy alleged by the plaintiff. **Exhibit "F".**

8. Home Depot received the plaintiff's Verified Bill of Particulars on November 20, 2020. **Exhibit "G".**

9. On February 16, 2021, the Court issued an Order ordering the plaintiff to provide a Response to Home Depot's CPLR §3017(c), Demand for a Supplemental Statement of Damages. **Exhibit "H".**

10. Since then, the plaintiff has refused to comply with Home Depot's good faith attempts to obtain and the Queens County Supreme Court's Order requiring plaintiff to provide a Supplemental Statement of Damages.

11. On April 29, 2021, recognizing the reality that he could no longer refuse to abide by the State Court Order, plaintiff embarked on a new plan to improperly avoid removal by serving a wholly improper Notice to Admit and Notice for Discovery and Inspection tailored specifically and solely at discovery regarding the residency of certain unnamed Home Depot employees. **Exhibit "I".** In this way plaintiff intends to amend the Complaint after the case is removed to join in bad faith the unnecessary local employees.

12. As the one year deadline for removal looms (July 7, 2021), plaintiff's steadfast and completely unjustified refusal to comply with the State Court Order and his very focused discovery on the residency of certain store employees makes it abundantly clear that plaintiff is simply looking to improperly avoid removal to Federal Court, either by running out the one year clock and or to amend the complaint to name the individual local store employees as defendants by the bad faith joinder of entirely unnecessary parties who were not even named as "John Does" in the original Complaint.

13. It is clear that plaintiff is acting in bad faith by purposely avoiding disclosure of the amount in controversy to prevent Removal. Plaintiff' refusal to comply with the State Court Order to serve a Supplemental Statement of Damages can only be reasonably interpreted as an admission by Plaintiff that any response would exceed $75,000 and provide a monetary basis for removal.

14. Nonetheless, Indeed, based on the Verified Bill of Particulars, pages 5-6 Item No. 7, the plaintiff alleges bulges in the lumbar and cervical spine, disc herniations in the cervical spine, and a tear in the anterior labrum of the left shoulder. **Exhibit "G".** Although Home Depot denies any liability, it is reasonably probable that the amount in controversy will exceed the sum or value of $75,000.00.

## DIVERSITY JURISDICTION IS PROPER

15. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332. The Complaint alleges a matter in controversy, which, if liability is established, is reasonably probable to exceed the sum or value of $75,000, exclusive of interest and costs and complete diversity of citizenship exists between the plaintiff and Home Depot.

## **DIVERSITY EXISTS**

16. Home Depot seeks removal of this action pursuant to 28 U.S.C. §1446 and Local Civil Rule 81.1, which permits removal of causes of action based upon diversity of citizenship of the parties.

17. At the time that this was filed, Home Depot, was and still is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 2455 Paces Ferry Road SW, Atlanta, Georgia.

18. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." For the purposes of federal diversity jurisdiction, based upon the above, Home Depot is not a citizen of the State of New York.

19. The plaintiffs, in the Complaint, allege to be a citizens of the State of New York with a residence in the County of Queens, New York. **Exhibit "A."**

20. There is complete diversity of citizenship between the parties to this action.

21. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. §1441.

## **THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

22. As discussed above, it is reasonably probable that the plaintiff seeks recovery for an amount in excess of $75,000, exclusive of interest and costs.

23. The plaintiff's Verified Complaint did not state the amount of damages that the plaintiff deems himself entitled to (CPLR 3107(c)).

24. In the Verified Bill of Particulars, pages 5-6 Item No. 7, the plaintiff alleges bulges in the lumbar and cervical spine, disc herniations in the cervical spine, and a tear in the anterior labrum of the left shoulder. **Exhibit "G".**

25. However, if the Court finds that the amount in controversy has not been met, it is requested that the Court find that the plaintiff has engaged in bad faith delay in conveying the amount in controversy. As shown above, we have followed up in writing on multiple occasions and the State Court issued an Order requiring the plaintiff to respond to our Demand for a Statement of Supplemental Damages. The plaintiff has outright refused to comply, which can only be interpreted as gamesmanship to avoid removal to Federal Court.

## REMOVAL IS TIMELY

26. Pursuant to 28 U.S.C. §1446(b), which provides that a Notice of Removal shall be filed within thirty (30) days after receipt by defendant, by service or otherwise, of the initial pleading or of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, this Petition for Removal is timely filed and 28 U.S.C. §1446(c), which provides that a case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

27. As stated above, Home Depot's has duly demanded that the plaintiff provide a Statement of Supplemental Damages to no avail. However, the action was started on July 7, 2020, and therefore the removal is timely since one (1) year has not yet elapsed.

## NOTICE

28. Pursuant to 28 U.S.C. §1446, a copy of this Notice of Removal is being filed with the Supreme Court of the State of New York, County of Queens.

4812-4824-3177.1

## VENUE IS PROPER

29.     The United States District Court for the EASTERN DISTRICT of New York includes the county in which the state court action was pending (Queens) and thus, pursuant to 28 U.S.C. §124(b)(2), venue is proper.

## RESERVATION OF DEFENSES AND RIGHTS

30.     Home Depot reserves all defenses, including, without limitation, the defense of lack of personal jurisdiction.

31.     Home Depot reserves the right to amend or supplement this Petition for Removal.

32.     If any question arises as to the propriety of the removal of this action, Home Depot respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

**THEREFORE**, all parties to the Civil Action pending in the Supreme Court of the State of New York, County of Queens, Index No. 709402/2020 are HEREBY NOTIFIED pursuant to 28 U.S.C. §1446 and Local Civil Rule 81.1, as follows:

Removal of the Civil Action and all claims and causes of action therein is effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to 28 U.S.C. §1446.  The Civil Action is removed from the State Court to the United States District Court, EASTERN DISTRICT of New York. The parties to the Civil Action shall proceed no further in the State Court.

WHEREFORE, Defendant HOME DEPOT U.S.A., INC., pray that this cause of action now pending in the Supreme Court of the State of New York, County of Queens, be removed to the United States District Court, EASTERN DISTRICT of New York.

Dated: New York, New York
        May 14, 2021

4812-4824-3177.1

|  | LEWIS BRISBOIS BISGAARD & SMITH LLP |
|---|---|
| By: | *David Pollack* <br> _____ <br> David A. Pollack (DP6143) <br> *Attorneys for Defendant* <br> HOME DEPOT U.S.A., INC. <br> i/s/h/a THE HOME DEPOT U.S.A., INC. <br> 77 Water Street - Suite 2100 <br> New York, New York 10005 <br> 212.232.1300 <br> David.Pollack@lewisbrisbois.com |

TO:

Robert Miklos, Esq.
SILBERSTEIN, AWAD & MIKLOS, P.C.
*Attorneys for Plaintiffs*
JONATHAN GAVRIELOF and
MICHELE KHAIMOVA
600 Old Country Road – Suite 505
Garden City, New York 11530
516.832.7777

4812-4824-3177.1