SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------X
JONATHAN GAVRIELOF and MICHELE KHAIMOVA

       Plaintiffs,

  -against-

THE HOME DEPOT U.S.A., INC.,

       Defendant.
------------------------------------------------------------------------X

Index No.:
**NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING**

  **PLEASE TAKE NOTICE**, that plaintiff(s)/defendant(s) in the case captioned above consents and intends that this matter shall proceed as an electronically-filed case in the Filing by Electronic Means System ("FBEM") in accordance with the procedures therefor, described below. Service of papers by electronic means cannot be made upon a party unless that party consents to use of the system. As soon as possible after service of this Notice, each party served must indicate whether it consents.

### General Information

  In New York State, actions may be commenced and cases processed by means of the FBEM system in (1) tax certiorari claims in the Supreme Court in New York City and in Monroe, Westchester, and Suffolk Counties; (2) tort claims, and commercial claims in the Commercial Division, in the Supreme Court in New York City and in Albany, Monroe, Nassau, Suffolk , and Westchester Counties; (3) commercial claims in the Commercial Division of Supreme Court, and proceedings in Surrogate's Court, in Erie County; and (4) selected claims against the State of New York.

  Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the Court and served in a simple, convenient and expeditious

manner.  FBEM case documents are filed with the Court by filing on the FBEM Website (go to "E-Courts" at www.nycourts.gov), which can be done at any time of the day or night. The documents are deemed filed when they are received by the Unified Court System server.  The use of FBEM is governed by Section 202.5-b (Supreme Court), and 206.5 and 206.5-aa (Court of Claims) of the Uniform Rules for the Trial Courts.

## Instructions

The service of this Notice constitutes a statement of intent by the undersigned that the FBEM system be used in this case.  When an action or proceeding is being commenced by means of the system, this Notice must accompany service of the initiating papers.

**As soon as possible after service of this Notice**, the party served shall advise all parties whether it will agree to have the matter proceed by FBEM.  Where the party served agrees, that party must, as soon a possible after service, **file with the Court and serve on all parties a Consent to FBEM**.  A Consent form can be found in the "Forms" Section of the FBEM Website.  The form and other aspects of FBEM are explained in the User's Manual, available on the Website.  When this Notice Regarding Availability is served with papers initiating a lawsuit, the consent must be filed prior to service of or with the responsive pleadings or motion addressed to the pleadings.

Once parties agree that the case will be subject to FBEM, each must **PROMPTLY** submit a Filing User Registration form (see the "Forms" section fo the Website) to obtain the confidential Filing User Identification Number and Password necessary to use the system. A party represented by an attorney who has previously registered a s a Filing User in another case may file and serve the Consent to FBEM electronically by checking the designated box and following the instructions on the FBEM Website.

For additional information about FBEM, see the User's Manual and Frequently Asked Questions on the Website or contact the Court in question or the FBEM Resource Center at (646) 386-3033.

Dated: July 6, 2020
      Garden City, New York

                                  Yours, etc.,
                                  **SILBERSTEIN, AWAD & MIKLOS, P.C.**

By:   *Dominique Fequiere*
           DOMINIQUE FEQUIERE, ESQ.
           Attorneys for Plaintiff
           600 Old Country Road, Suite 505
           Garden City, New York 11530
           (516) 832-7777
           E-mail: RMiklos@ask4sam.net
           Our File No.: 9173


SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------X
JONATHAN GAVRIELOF and MICHELE KHAIMOVA

                            Plaintiffs,

           -against-

THE HOME DEPOT U.S.A., INC.,

                            Defendant.
------------------------------------------------------------------------X

Index No.:

**CONSENT TO FBEM***

      I, _____, am a party or an attorney for a party in the above captioned law suit, and I consent to the use of FBEM in this action. I further consent to be bound by the service and filing provisions of the FBEM Rules (22 NYCRR § 202.5-b) and to comply with the User's Manual approved by the Chief Administrator of the Courts.

      I have set forth below up to three internet e-mail addresses for the purposes of services and giving notice of each filing:

_____         _____
Signature                                      Address

_____         _____
Print or Type Name

Attorney for _____        _____
                                                       Telephone Number

_____
      *All parties must file and serve this consent to participate in an FBEM case. Where the attorney for a party is a Filing User, the consent may be filed and served electronically (see http://fbem.courts.state.ny.us).

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X
JONATHAN GAVRIELOF and MICHELE KHAIMOVA

                    Plaintiffs,

      -against-

HOME DEPOT U.S.A., INC.,

                    Defendant.
------------------------------------------------------------------X

Index No.:
Date Purchased:

**SUMMONS**
Plaintiff designates Queens as the Place of Trial

Basis of Venue is Plaintiff's Residence in Queens

To the Above Named Defendant:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this Summons, to serve notice of appearance on the plaintiff's attorneys within twenty [20] days after the service of this summons, exclusive of the day of service (or within thirty [30] days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  July 6, 2020
          Garden City, New York

                              **SILBERSTEIN, AWAD & MIKLOS, P.C.**

                By:  *Dominique Fequiere*
                       DOMINIQUE FEQUIERE, ESQ.
                       Attorneys for Plaintiff
                       600 Old Country Road, Suite 505
                       Garden City, New York 11530
                       (516) 832-7777
                       Our File No.: 9173

Defendants' Addresses:

THE HOME DEPOT U.S.A., INC. - 75-09 Woodhaven Boulevard, Glendale, New York 11385; and
THE HOME DEPOT U.S.A., INC. - 2455 Paces Ferry Road, NW, Atlanta, Georgia 30339-9998; and
THE HOME DEPOT U.S.A., INC. - via Secretary of State.
THE HOME DEPOT U.S.A., INC. **-** C/O Corporation Service Company - 80 State Street, Albany, New York 12207-2543

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X
JONATHAN GAVRIELOF and MICHELE KHAIMOVA

      Plaintiffs,

 -against-

THE HOME DEPOT U.S.A., INC.,

      Defendant.
------------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

Plaintiffs, by and through their attorneys, SILBERSTEIN, AWAD & MIKLOS, P.C., complaining of the Defendant, alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

(NEGLIGENCE)

1. That at all times herein mentioned, Plaintiff was and still is a resident of the County of Queens in the State of New York.

2. That at all times herein mentioned, Defendant, THE HOME DEPOT U.S.A., INC., was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York, and is duly authorized to do business in the State of New York.

3. That at all times herein relevant, Defendant, THE HOME DEPOT U.S.A., INC., was and still is a foreign corporation organized and existing under and by virtue of the laws of the State of Delaware and duly authorized to do business in the State of New York and was and still is subject to the long arm statutes of the State of New York.

4. That Defendant, THE HOME DEPOT U.S.A., INC., was and still is subject to the long arm statutes of the State of New York.

5. That on or about July 29, 2019, and at all times mentioned, a premises existed in the County of Queens with the address of 75-09 Woodhaven Boulevard, Glendale, New York 11385.

6. That at all times hereinafter mentioned, Defendant, THE HOME DEPOT U.S.A., INC., owned the premises located at 75-09 Woodhaven Boulevard, Glendale, New York 11385, designated as store #1220.

7. That at all times hereinafter mentioned, Defendant, THE HOME DEPOT U.S.A., INC., leased the premises located at 75-09 Woodhaven Boulevard, Glendale, New York 11385, designated as store #1220.

8. That at all times hereinafter mentioned, Defendant, THE HOME DEPOT U.S.A., INC., operated the premises located at 75-09 Woodhaven Boulevard, Glendale, New York 11385, designated as store #1220.

9. That at all times hereinafter mentioned, Defendant, THE HOME DEPOT U.S.A., INC., controlled the premises located at 75-09 Woodhaven Boulevard, Glendale, New York 11385, designated as store #1220.

10. That at all times hereinafter mentioned, Defendant, THE HOME DEPOT U.S.A., INC., managed the premises located at 75-09 Woodhaven Boulevard, Glendale, New York 11385, designated as store #1220.

11. That at all times hereinafter mentioned, Defendant, THE HOME DEPOT U.S.A., INC., maintained the premises located at 75-09 Woodhaven Boulevard, Glendale, New York 11385, designated as store #1220.

12. That at all times hereinafter mentioned, Defendant, THE HOME DEPOT U.S.A., INC., repaired the premises located at 75-09 Woodhaven Boulevard, Glendale, New York 11385, designated as store #1220.

13. That at all times hereinafter mentioned, Defendant, THE HOME DEPOT U.S.A., INC., inspected the premises located at 75-09 Woodhaven Boulevard, Glendale, New York 11385, designated as store #1220.

14. That on or about July 29, 2019, it was the duty of Defendant, THE HOME DEPOT U.S.A., INC., to maintain the premises in and around 75-09 Woodhaven Boulevard, Glendale, New York 11385 in a reasonably safe condition.

15. That on or about July 29, 2019, Plaintiff JONATHAN GAVRIELOF was a lawful pedestrian/patron/customer at the premises located at 75-09 Woodhaven Boulevard, Glendale, New York 11385.

16. That on or about July 29, 2019, while Plaintiff JONATHAN GAVRIELOF was lawfully walking at the aforesaid location in a manner that a careful, prudent person would, when a door, within the inventory for sale, fell/was dropped onto his person and was caused to sustain severe personal and permanent injuries as a result of the defective, hazardous and unsafe condition at said premises located at 75-09 Woodhaven Boulevard, Glendale, New York 11385.

17. The above mentioned occurrence and results thereof, were caused by the negligence of the Defendant and said Defendants' agents, servants, employees and or licensees in the ownership, operation, management, maintenance, repair and/or control of the aforesaid premises, and Defendants was otherwise negligent, careless and reckless.

18. That the aforesaid occurred solely and wholly as a result of the negligence of the Defendant, its agents, servants and/or licensees herein, without any negligence on the part of the Plaintiff contributing thereto.

19. That the Defendant, its agents, employees, representatives, servants and/or licensees whom it exercised, or had authority to exercise, supervision and control, created and/or had actual and/or constructive notice of the dangerous condition.

20. That the Defendant, its agents, employees, representatives, servants, and/or licensees over whom it exercised or had authority to exercise, supervision and control were in special and private use of the property and dangerous conditions that caused the Plaintiff injuries.

21. That the above named Defendants affirmatively created the dangerous condition.

22. That the defendants breached their aforesaid duties and the results and consequences thereof were caused by the carelessness, recklessness and negligence of Defendant, its agents, servants, staff, and/or employees, concerning the ownership, operation, maintenance, management and control of the afore-described premises, in failing to use reasonable care under the circumstances.

23. That the Defendant, its agents, employees, representatives, servants, and/or licensees, in the ownership, operation, maintenance and/or control of the aforementioned premises, were negligent in causing, allowing and permitting the aforesaid premises to become and remain in a defective and obstructive and trap-like condition; thereby constituting a nuisance, danger, menace and hazard; in dropping a door; in causing a door to become airborne; in failing to secure doors; in failing to use reasonable care in stocking doors, in failing to use reasonable care in storing doors, in failing to use reasonable care in transporting doors; in failing to use reasonable care in stocking doors; in failing to use reasonable care in shelving doors; in failing to secure doors; in failing to adequately warn Plaintiff of the danger of a falling door; in failing to use efforts reasonable under the circumstances to protect or shield the

Plaintiff from the falling door; in failing to properly operate machinery; in failing to train staff and employees in how to operate machinery; in knowing of the defect for a long and unreasonable length of time; in failing to see that said premises was maintained in an unsafe, improper and unsuitable condition, in failing and neglecting to remedy the aforesaid dangerous condition; in causing, creating and permitting an unsafe and hazardous condition to remain in the aisles of the premises; in being careless, reckless and negligent in the ownership, operation, maintenance, control, management and supervision of the aforementioned premises; in knowing, causing, directing, permitting and/or allowing the aisles of the building to develop into a dangerous, unsafe, hazardous and trap like condition and to be, become and remain in such a dangerous, defective and hazardous condition; in permitting and allowing a defective and dangerous condition to exist; in negligently and/or improperly maintaining the premises; in failing to take any and all care, reasonable steps and/or precautions to safeguard those lawfully using the aisles at the premises; in failing to make adequate and timely inspections so as to prevent the dangerous condition; in failing to properly warn or apprise, creating and maintaining a hazard, nuisance and trap; in permitting and allowing said area on the premises to become and remain unsafe for use; in failing to place warnings, mats and or devices to seal/rope off said area; in failing to warn the patrons and public of the dangerous condition; in failing to take action to fix, secure and clear the dangerous condition at said area; in negligently allowing the danger to continue without fixing it; in failing to inspect the area on the premises; in failing to warn patrons that the area on the premises was dangerous; in failing to warn employees and patrons of the dangerous condition; in negligently permitting and allowing the area on the premises to remain dangerous; when defendant knew or should have known that an incident such as the instant one would or could occur in failing to take any precautions whatsoever to prevent the occurrence of this accident, although having notice, both actual and constructive,

of the existence of the dangerous and hazardous condition; in violating the statutes, laws, ordinances and regulations of the County of Queens and State of New York; and in being otherwise careless, reckless and negligent in the ownership, operation, maintenance and control of the aforesaid premises. In addition, Plaintiff claims the doctrine of *res ipsa loquitor* applied herein.

24. That by reason of the foregoing, Plaintiff, JONATHAN GAVRIELOF, sustained serious injuries; was rendered, sick, sore, lame and disabled; suffered injuries both internal and external, pain and mental anguish; he was caused to suffer from pain; was confined to bed and home; was compelled to seek medical care and attention, and upon information and belief, will in the future be compelled to seek medical care and attention; was and will be prevented from following his usual occupation; and was otherwise injured and damaged.

25. That the aforesaid occurrence was due solely to the negligence of the defendants and without any contributory negligence on the part of the Plaintiff.

26. That at all times hereinafter mentioned, defendant, THE HOME DEPOT U.S.A. INC., its agents, servants, staff, personnel and/or employees' acts and/or lack of actions were committed while they were in the scope of their employment.

27. That as a result of the aforesaid incident, the defendant, THE HOME DEPOT U.S.A. INC., is vicariously liable for its employees' acts and/or lack of actions.

28. That as a result of the aforesaid incident the doctrine of respondent superior applies to the facts of the within action.

29. That by reason of the foregoing, Plaintiff, JONATHAN GAVRIELOF, has sustained damages in a sum which exceeds the jurisdictional limitation of all lower Courts which would otherwise have jurisdiction of this action.

30. That as a result of the foregoing, Plaintiff, JONATHAN GAVRIELOF, has been damaged in a sum which exceeds the jurisdictional limitations of all the courts of the State of New York, except the Supreme Court.

## AS AND FOR A SECOND CAUSE OF ACTION

### (NEGLIGENCE)

31. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "30" inclusive, with the same force and effect as if fully set forth at length herein.

32. That at all times hereinafter mentioned, defendant, THE HOME DEPOT U.S.A., INC., was the title owner of a forklift and/or other heavy machinery in use at the aforementioned premises at the time of the subject incident.

33. That at all times hereinafter mentioned, defendant, THE HOME DEPOT U.S.A., INC., was the registered owner of a forklift and/or other heavy machinery used at the aforementioned premises at the time of the subject incident.

34. That at all times hereinafter mentioned, Defendant, THE HOME DEPOT U.S.A., INC., is the owner of the subject vehicle, as defined by New York State Vehicle and Traffic Law §128.

35. That at all times hereinafter mentioned, defendant, THE HOME DEPOT U.S.A., INC., was the lessee of a forklift and/or other heavy machinery used at the aforementioned premises at the time of the subject incident.

36. That at all times hereinafter mentioned, defendant, THE HOME DEPOT U.S.A., INC., and its agents, servants, staff, personnel and/or employees operated a forklift and/or other heavy machinery used at the aforementioned premises at the time of the subject incident.

37. That at all times hereinafter mentioned, defendant, THE HOME DEPOT U.S.A., INC., and its agents, servants, staff, personnel and/or employees controlled a forklift and/or other heavy machinery used at the aforementioned premises at the time of the subject incident.

38. That at all times hereinafter mentioned, defendant, THE HOME DEPOT U.S.A., INC., and its agents, servants, staff, personnel and/or employees maintained a forklift and/or other heavy machinery used at the aforementioned premises.

39. That at all times hereinafter mentioned, defendant, THE HOME DEPOT U.S.A., INC., and its agents, servants, staff, personnel and/or employees managed a forklift and/or other heavy machinery used at the aforementioned premises.

40. That at all times hereinafter mentioned, defendant, THE HOME DEPOT U.S.A., INC., and its agents, servants, staff, personnel and/or employees repaired a forklift and/or other heavy machinery used at the aforementioned premises.

41. That at all times hereinafter mentioned, defendant, THE HOME DEPOT U.S.A., INC., is vicariously liable for the negligent operation and use of a forklift or other heavy machinery used at the aforementioned premises by its agents, servants, staff, personnel and/or employees .

42. That at all times hereinafter mentioned, defendant, THE HOME DEPOT U.S.A., INC., is liable for the negligence in the use and/or operation of a forklift or other heavy machinery by its agents, servants, staff, personnel and/or employees used at the aforementioned premises pursuant to New York State Vehicle and Traffic Law §388.

43. That on or about July 29, 2019, at the aforesaid location, the motor vehicle owned/leased/managed and/or repaired by THE HOME DEPOT U.S.A., INC. and operated

9

by its agents, servants, staff, personnel and/or employees and/or its load came into contact with the Plaintiff.

44. That as a result of the foregoing contact, the plaintiff was caused to sustain serious, permanent and disabling injuries.

45. That the foregoing was a result of the negligence of the defendant and its agents, servants, staff, personnel and/or employees, in its ownership, operation, maintenance, management, repair and control of its motors vehicle, and consisted of, among other things, in negligently operating it; negligently securing its load; negligently causing its load to strike the plaintiff herein; in failing to avoid striking the Plaintiff; in failing to honk the horn prior to impact; in failing to turn the steering wheel in an effort to avoid the impact with plaintiff; in failing to maintain a proper lookout; in failing to keep and/or maintain proper control over his vehicle; in failing to yield the right of way to plaintiff; in failing to keep a safe distance from the plaintiff; in failing to avoid contact with plaintiff; in failing to timely apply the brakes; in negligently coming into contact with the plaintiff; in operating at a too rapid, excessive and dangerous rate of speed under the law and all of the surrounding circumstances then and there prevailing; in maintaining a speed that is unreasonable; in failing to observe and/or obey the conditions then and there prevailing, rules, signals, warnings, statutes, regulations and ordinances existing at, near and/or about the aforementioned time and location; in failing to properly and timely observe the plaintiff herein; in failing to give any and/or adequate signs, signal, warning or other notice of approach, movement or danger; in proceeding in an unsafe, illegal, dangerous, hazardous and untimely manner; in driving in a careless, reckless and negligent manner; in disregarding the safety of the pedestrians then and there present, including specifically the plaintiff herein; in failing to see what there was to be seen; in failing to keep and/or maintain their vehicles in a proper and/or adequate state of repair and/or condition, particularly, but not

limited to the brakes, steering mechanism, tires, and doors of said vehicle; in failing to properly secure its load; in overloading the vehicle; in failing to safely secure its load; in permitting its load to fall and strike the Plaintiff; in unsafely, illegally, dangerously, hazardously and untimely attempting to maneuver in the aisle where the plaintiff herein was traveling; in failing to observe and adhere to the rules as set forth in the Vehicle and Traffic Laws of the State of New York; that plaintiff's injuries was caused solely as a result of the negligence of the defendants without any negligence of the plaintiff; in negligently having the proper skill, ownership and control of the vehicle; in failing to have a license; in negligently having a suspended license; and in otherwise being reckless, careless and negligent in the ownership, operation, maintenance, management and control of his vehicle.

46.  That by reason of the foregoing, the plaintiff has sustained serious, severe and permanent personal injuries, both physical and mental, constituting serious injury as defined in Subdivision (d) of Section 5102 of the Insurance Law, or economic loss greater than basic economic loss as defined in Subdivision (a) of Section 5102 of the Insurance Law, suffered and still suffers severe pain and agony; was and will be confined to hospital, bed and home; was and will be required to seek medical care and attention; was and will be disabled from his usual duties and activities.

47.  That the limited liability provisions set forth in §1601 of the CPLR did not apply to defendants via operation of §1602(6) of the CPLR, as said defendant is liable by reason of his use, operation and ownership of a motor vehicle; and via operation of §1602(7) of the CPLR, as said defendants acted with reckless disregard for the safety of other motorists including specifically the plaintiff.

48. That as a result of the foregoing, plaintiff was caused to sustain damages in a sum which exceeds the jurisdictional limitation of all lower Courts which would otherwise have jurisdiction over this action.

## AS AND FOR A THIRD CAUSE OF ACTION

(NEGLIGENT HIRING, RETENTION, AND/OR SUPERVISION)

49. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "48" inclusive, with the same force and effect as if fully set forth at length herein.

50. That Defendant, THE HOME DEPOT U.S.A. INC., had a duty to exercise reasonable care to refrain from knowingly employing or retaining in its employ, agents, employees, representatives, servants, and/or licensees with known dangerous propensities in a position that would present a foreseeable risk of harm to others.

51. That Defendant, THE HOME DEPOT U.S.A. INC., had a duty to exercise reasonable care to refrain from employing or retaining in its employ, agents, employees, representatives, servants, and/or licensees whom the Defendant knew or, in the exercise of reasonable care, should have known was potentially dangerous in a position that would present a foreseeable risk of harm to others.

52. That Defendant, THE HOME DEPOT U.S.A. INC., had the right to control and direct, its agents', employees', representatives', servants', and/or licensees' actions and/or conduct.

53. That Defendant, THE HOME DEPOT U.S.A. INC., knew of its agents', employees', representatives', servants', and/or licensees' propensity for the conduct which caused the injury.

54. That Defendant, THE HOME DEPOT U.S.A. INC., should have known of the its agents', employees', representatives', servants', and/or licensees' propensity for the conduct which caused the injury.

55. That Defendant, THE HOME DEPOT U.S.A. INC., employer knew of facts that would lead a reasonably prudent person to investigate the employee.

56. That Defendant, THE HOME DEPOT U.S.A. INC., employer should have known of facts that would lead a reasonably prudent person to investigate the employee.

57. That Defendant, THE HOME DEPOT U.S.A. INC., was negligent in failing to act in light of evidence of prior incidents.

58. That Defendant, THE HOME DEPOT U.S.A. INC., was negligent in failing to act in light of its agents', employees', representatives', servants', and/or licensees' prior performance of work activities.

59. That Defendant, THE HOME DEPOT U.S.A. INC., was negligent in hiring, retaining, and/or supervising its agents, employees, representatives, servants, and/or licensees in driving and operating a forklift and/or other heavy machinery in that its agents, employees, representatives, servants, and/or licensees were visually impaired; only had one eye; lacked depth perception; lacked peripheral vision; lacked reaction timing; lacked a full field of vision; had a physical limitation which rendered driving a forklift or other heavy machinery unreasonably dangerous; and was otherwise physically incapable and incompetent to operate a forklift or heavy machinery;

60. That the Defendant, its agents, employees, representatives, servants, and/or licensees, in the ownership, operation, maintenance and/or control of the aforementioned premises, were negligent in failing to supervise the particular activity related to the its duty to provide a safe space; in negligently hiring an unqualified, incompetent or unreasonably

careless employee; in permitting an unqualified, incompetent or unreasonably careless employee to drive a forklift and/or heavy machinery in a pedestrian heavy area; in failing to require regular medical and vision testing; in failing to require regular reassessment.

### AS AND FOR A FOURTH CAUSE OF ACTION

(LOSS OF SERVICES)

61. Plaintiffs repeat, reiterate and reallege each and every allegation contained in Paragraphs "1" through "60" inclusive, with the same force and effect as if fully set forth at length herein.

62. That at all times hereinafter mentioned, plaintiff MICHELE KHAIMOVA is the plaintiff's spouse and resided with him as such.

63. That as a result of the foregoing, plaintiff MICHELE KHAIMOVA, was caused to sustain the loss of the society, services, companionship, consortium and affection of plaintiff.

64. That as a result of the foregoing, plaintiff, MICHELE KHAIMOVA, was caused to sustain damages in a sum which exceeds the jurisdictional limitation of all lower Courts which would otherwise have jurisdiction over this action.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in a sum which exceeds the jurisdictional limitation of all lower Courts which would otherwise have jurisdiction over this action, together with costs and disbursements and interest computed from the date of any verdict rendered herein.

Dated: July 6, 2020
        Garden City, New York

**SILBERSTEIN, AWAD & MIKLOS, P.C.**

By: *Dominique Fequiere*
DOMINIQUE FEQUIERE, ESQ.
Attorneys for Plaintiff
600 Old Country Road, Suite 505

Garden City, New York 11530
(516) 832-7777
Our File No.: 9173

15

## ATTORNEY'S VERIFICATION

I, the undersigned, an attorney admitted to practice in the Courts of the State of New York, stated that I am a member of the firm of SILBERSTEIN, AWAD & MIKLOS, P.C. the attorneys of record for the plaintiff in the within action; I have read the foregoing

### VERIFIED SUMMONS & COMPLAINT

and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The reason this verification is made by me and not by plaintiff is that plaintiff resides in a County other than the one in which your affirmant maintains his office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:  books, records, memoranda, etc. in office file.

I affirm that the foregoing is true, under the penalties of perjury.

Dated:  July 6, 2020
Garden City, New York

*Dominique Fequiere*
DOMINIQUE FEQUIERE, ESQ.