UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JONATHAN GAVRIELOF *and* MICHELE
KHAIMOVA,

                        Plaintiffs,

            -against-

HOME DEPOT U.S.A., INC.,


                      Defendant.
---------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**
21 CV 2719 (ENV) (CLP)

**POLLAK**, United States Magistrate Judge:

On July 7, 2020, plaintiffs Jonathan Gavrielof and Michele Khaimova commenced a

personal injury action in New York State Supreme Court, Queens County ("the state court

complaint"), seeking damages from defendant The Home Depot U.S.A., Inc. ("Home Depot"),

alleging that, due to Home Depot's negligence and the negligent hiring, retention, and

supervision of its employees, plaintiff Gavrielof suffered injuries when a door fell on him while

shopping in the Home Depot store located at 75-09 Woodhaven Boulevard, Glendale, New York

11385. (Compl.[1]). The case was removed to this Court by the Home Depot on May 14, 2021.

(ECF No. 1).

Currently pending before this Court is plaintiffs' motion to remand the case to state court

for lack of subject matter jurisdiction, or, in the alternative, issue an Order compelling the Home

Depot to provide the full name of the Home Depot employee who is alleged to be responsible for

---

[1] Citations to "Compl." refer to the Verified Complaint filed by plaintiffs in the Supreme Court of New York, Queens County on July 7, 2020, ECF No. 15-3.

the incident that caused plaintiffs' injuries. (Pls.' Mem.[2] at 1). For the reasons set forth below, plaintiffs' motion for remand is granted.

FACTUAL BACKGROUND

Plaintiffs Jonathan Gavrielof ("Gavrielof") and Michele Khaimova ("Khaimova") allege that on or about July 29, 2019, Gavrielof, a resident of Queens, New York, was a customer at the Home Depot located at 75-09 Woodhaven Boulevard, Glendale, New York 11385. (Compl. ¶¶ 1, 5-6). The state court complaint alleges that while Gavrielof was lawfully walking in the store, "a door, within the inventory for sale, fell/dropped onto" Gavrielof, causing him to suffer severe personal and permanent injuries. (Id. ¶ 16). In a handwritten note attached to Defendant's Memorandum of Law, Gavrielof elaborates on the incident, claiming that he went to the Home Depot to purchase two doors and that "Anthony" was helping him. (ECF No. 15-22). According to Gavrielof, after loading the two doors on a cart, another door that Anthony was stocking with a forklift fell on plaintiff, causing injury to his left shoulder and elbow. (Id.; see also Miklos Decl.[3] ¶ 3). Plaintiffs assert three causes of action based on negligence and negligent hiring, retention, and supervision. (See Compl.). The fourth cause of action brought by plaintiff Khaimova is for loss of "the society, services, companionship, consortium and affection" of Gavrielof. (Id. ¶¶ 61-64).

Plaintiffs commenced an action in Queens County Supreme Court on July 7, 2020. (Miklos Decl. ¶ 4; see Compl.). The Home Depot filed an answer to the state court complaint on August 13, 2020, asserting 26 affirmative defenses, including failure to join a necessary party. (Miklos Decl. ¶ 5; see ECF No. 15-4). A Preliminary Conference was held before the Queens

---

[2] Citations to "Pls.' Mem." refer to the Memorandum of Law in Support of Plaintiffs' Motion, dated Nov. 29, 2021, ECF No. 15-1.
[3] Citations to "Miklos Decl." refer to the Declaration of Robert A. Miklos, Esq., counsel for plaintiffs, dated Nov. 29, 2021, ECF No. 15-2.

County Supreme Court on November 4, 2020, after which the parties engaged in the exchange of discovery.  (Miklos Decl. ¶¶ 6-8).  Among other things, plaintiffs requested the names and addresses of any witnesses to the incident, which included the identity of the forklift driver, "Anthony."  (Id. ¶ 8).

Thereafter, on April 29, 2021, plaintiffs served a Notice to Admit and a Notice for Discovery in which they sought to have Home Depot admit that "Anthony" was the first name of the employee who dropped the door, and that Anthony was a New York resident.  (Id. ¶ 10; ECF Nos. 15-9, 15-10).  According to plaintiffs, the parties exchanged a series of emails in connection with certain discovery disputes.  (Miklos Decl. ¶¶ 12-13).  On May 14, 2021, before defendant's responses to plaintiffs' demands were due, the Home Depot removed the case to this Court.  (Id. ¶ 14; see Not.[4]).  On May 21, 2021, plaintiffs filed a letter requesting a pre-motion conference, seeking authorization to file a motion to compel discovery, leave to amend the Complaint, and to remand the matter back to the state court.  (Miklos Decl. ¶ 15; see ECF No. 10).  On November 2, 2021, the Honorable Judge Eric N. Vitaliano Ordered plaintiffs to file their motion, stating that a pre-motion conference on the motion to remand was unnecessary based on his review of the papers.[5]  (See Electronic Order, filed Nov. 2, 2021).  On January 13, 2022, Judge Vitaliano referred the motion to the undersigned for a Report and Recommendation.  (See Order Referring Motion, dated Jan 13, 2022).

Plaintiffs contend that Home Depot has both failed to provide an adequate basis for subject matter jurisdiction and failed to respond to plaintiffs' outstanding state court demands.  (Miklos Decl. ¶ 21; see Pls.' Mem. at 1).  Thus, plaintiffs seek an Order remanding the case to

---

[4] Citations to "Not." refer to the Notice of Removal, filed May 14, 2021, ECF No. 1.
[5] The Court notes that neither this Court's Chambers Rules or that of the district judge, the Honorable Eric N. Vitaliano, require a pre-motion conference before filing motions to compel discovery or motions to amend.

state court, or, in the alternative, compelling defendant to provide the full name of its employee, Anthony and allowing plaintiffs leave to amend its Complaint to add Anthony as a party.  (Pls.' Mem. at 1).

DISCUSSION

**A.  Removal and Remand**

Title 28 of the United States Code, Section 1441(a) provides that a defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction . . . ."  Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a); see also Gurney's Inn Resort & Spa Ltd. v. Benjamin, 743 F. Supp. 2d 117, 119 (E.D.N.Y. 2010) (holding that, "[g]enerally, a case may be removed from state court to federal court 'only if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction'" (quoting Citibank, N.A. v. Swiatkoski, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005))).

A defendant who seeks to remove an action from state court must file a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, that  "contain[s] a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  The statute further provides that the notice of removal shall be filed within 30 days after the defendant receives service of the initial pleading or service of the summons; if service of the initial pleading is not required, "whichever period is shorter."  Id. § 1446(b).

Where jurisdiction is asserted by the defendant in a removal petition, the defendant has the burden of establishing that removal is proper, and that subject matter jurisdiction exists.

4

Goel v. Ramachandran, 823 F. Supp. 2d 206, 210 (S.D.N.Y. 2011) (citing United Food & Com.

Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir.

1994)); see also Williamson v. Cestaro, No. 21 CV 2465, 2021 WL 2075727, at *2 (E.D.N.Y.

May 24, 2021) (holding that the "removing party has the burden of establishing that removal is

proper").  A defendant seeking to remove an action to federal court must show that "the plaintiff

would have been entitled, in the first instance, to commence the case in federal court."

Sovereign Bank, NA. v. Lee, 968 F. Supp. 2d 515, 517 (E.D.N.Y. 2013) (citing Caterpillar Inc.

v. Williams, 482 U.S. 386, 392 (1987)).  Further, "as in all cases removed to the federal courts,

the removing party has the burden of establishing that the amount in controversy exceeds the

$75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a)." Cohen v. Werner Co., No.

17 CV 4491, 2017 WL 3327587, at *3 (E.D.N.Y. Aug. 3, 2017).

A plaintiff may move to remand the action back to state court under 28 U.S.C. § 1447(c)

if the district court lacks subject matter jurisdiction or there is a defect in the removal process.

See New York v. International Joint Comm'n, No. 20 CV 06091, 2021 WL 4139024, at *2

(W.D.N.Y. Sept. 13, 2021) (citing LaFarge Coppee v. Venezolana De Cementos, S.A.C.A., 31

F.3d 70, 72 (2d Cir. 1994)).  Absent diversity jurisdiction, if the complaint fails to affirmatively

allege a federal claim, removal is improper.  Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6

(2003); Franchise Tax Bd. v. Construction Laborers Vacation Tr., 463 U.S. 1, 10 (1983) (holding

that a case may not be removed to federal court "unless the plaintiff's complaint establishes that

the case 'arises under' federal law"); Citigroup, Inc. v. Wachovia Corp., 613 F. Supp. 2d 485,

489-90 (S.D.N.Y. 2009).  In analyzing subject matter jurisdiction, the court looks to the

complaint without reference to defenses or subsequent amendments.  See Beneficial Nat. Bank v.

<u>Anderson</u>, 539 U.S. at 6; <u>Sparta Surgical Corp. v. National Ass'n of Sec. Dealers, Inc.</u>, 159 F.3d 1209, 1213 (9th Cir. 1998) (citation omitted).

Remand for lack of subject matter jurisdiction is mandatory.  Section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  The Second Circuit has construed this statute as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction.  <u>See</u> <u>Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.</u>, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing <u>Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534, 541 (1986)).  Thus, if a defendant has improperly removed a case over which the district court lacks subject matter jurisdiction, the district court is required to remand the case back to the state court.

In considering a motion to remand, the court "must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff," <u>Marzocchi v. Selective Ins. Co. of New York</u>, No. 14 CV 1026, 2014 WL 2446068, at *1 (E.D.N.Y. May 29, 2014), and "'the burden of persuasion remains upon the removing party.'"  <u>Sbarro, Inc. v. Karykous</u>, No. 05 CV 2311, 2005 WL 1541048, at *2 (E.D.N.Y. June 29, 2005) (quoting <u>Nicola Prods. Corp. v. Showart Kitchens, Inc.</u>, 682 F. Supp. 171, 173 (E.D.N.Y. 1988)).  "[O]ut of respect for the limited jurisdiction of the federal courts and the rights of states, [the court] must resolve any doubts against removability."  <u>In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.</u>, 488 F.3d 112, 124 (2d Cir. 2007) (internal quotation and alteration omitted); <u>see also</u> <u>Anwar v. Fairfield Greenwich Ltd.</u>, 676 F. Supp. 2d 285, 292 (S.D.N.Y. 2009) (holding that "[a]ny doubts regarding the propriety of removal are resolved in favor of remand").  Indeed, both the Supreme Court of the United States and the Second Circuit have held that the removal statutes are to be strictly construed against

removal with all doubts resolved in favor of remand.  See, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 488 F.3d at 124.

## B.  Analysis

Plaintiffs argue that the case was improperly removed to this Court and should be remanded back to state court because this Court lacks subject matter jurisdiction, primarily due to the amount in controversy requirement.  (Pls.' Mem. at 1-4).  The Notice of Removal filed by Home Depot alleges that the Court has subject matter jurisdiction under 28 U.S.C. § 1332, based on the diversity of the parties.  (Not. ¶ 15).  Specifically, Home Depot notes that plaintiffs have alleged that they are citizens of New York, residing in Queens, but that Home Depot is not a citizen of New York.  (Id. ¶ 19; see Compl. ¶¶ 1, 3, 62).[6]  Therefore, based on the allegations in the Notice of Removal, there is complete diversity between the parties.  (Not. ¶¶ 18, 19, 20).[7]

As for the requirement that the amount in controversy must exceed $75,000, defendant acknowledges that the Verified Complaint filed by plaintiffs in state court did not state the amount alleged to be in controversy in the case, but defendant asserts "that it is reasonably probable that the plaintiff seeks recovery for an amount in excess of $75,000, exclusive of interest and costs."  (Id. ¶¶ 22-23).  In support of this assertion, defendant notes that plaintiff

---

[6] Although the Notice of Removal states that the plaintiffs "in the Complaint, allege to be citizens of the State of New York with a residence" in Queens County, the state court complaint states only that plaintiff Gavrielof is a citizen of New York while plaintiff Khaimova is his "spouse and resided with him as such." (Compl. ¶ 62).  Since plaintiffs have not challenged diversity jurisdiction on grounds of citizenship, the Court concludes that Khaimova was a citizen of New York for diversity purposes.

[7] Plaintiffs also contend that defendant has failed to provide the name and address of the employee, Anthony, who was operating the forklift at the time of the incident, and that if Anthony turns out to be a New York resident, complete diversity would be lacking. (Pls.' Mem. at 5-7).  Thus, plaintiffs seek an Order compelling Home Depot to provide Anthony's information and allow plaintiffs to amend the Complaint to add him as a necessary party in the action.  (Id. at 7-9).  Since the Court is recommending remand to the state court, the Court has not addressed plaintiffs' alternative request or Home Depot's argument that plaintiffs' efforts to add this Home Depot employee are designed to divest the Court of its diversity jurisdiction.

Gavrielof is claiming bulges in the lumbar and cervical spines, a herniated disc in the cervical spine, and a tear in the anterior labrum of the left shoulder as a consequence of this accident. (Id. ¶ 24). Defendant further explains that before removing the action to federal court, defendant attempted to obtain a statement of damages from plaintiffs in order to demonstrate that the statutory requirement of $75,000 has been met. (Id. ¶ 25). Defendant argues that plaintiffs' failure to "convey the amount in controversy" is in bad faith and states that plaintiffs have not "refuted that the amount on controversy will exceed" the jurisdictional threshold. (Def.'s Opp.[8] at 3-4).

In Cohen v. Werner, this Court considered whether a plaintiff's pre-suit settlement demand for more than $75,000 was sufficient to establish that the amount in controversy exceeded the jurisdictional amount. No. 17 CV 4491, 2017 WL 3327587, at *1 (E.D.N.Y. Aug. 3, 2017). Quoting the Second Circuit's decision in United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., the Court noted that "the removing party must prove that it appears to a reasonable probability that the claim is in excess of $75,000." Id. (quoting 30 F.3d at 305) (internal quotations and alterations omitted). In explaining why the pre-suit demand did not "come close to meeting the 'reasonable probability' threshold," the Court stated that the plaintiff's pre-suit demand might not mirror what plaintiff would seek at trial, and, beyond that, defendant had failed to provide any evidence of plaintiff's demand. Id. at *2.

Moreover, even though the Complaint in Cohen alleged that plaintiff was caused to suffer permanent and ongoing "serious injuries," the Court held that "[s]uch boilerplate pleadings do not suffice to establish that this action involves an amount in controversy adequate to support

---

[8] Citations to "Def.'s Opp." refer to defendant's Memorandum of Law in Opposition, dated Dec. 13, 2021, ECF No. 15-20.

federal diversity jurisdiction." Id. (citing Noguera v. Bedard, No. 11 CV 4893, 2011 WL 5117598, at *3 (E.D.N.Y. Oct. 26, 2011) (remanding to state court where neither the complaint nor the notice of removal "particularize[d] or amplifie[d]" plaintiff's alleged injuries or damages)). The Cohen court further noted that the defendant could have determined the amount of damages that plaintiff was seeking by requesting a supplemental demand pursuant to N.Y. C.P.L.R. § 3017(c). Id. at *3. "Rather than prematurely removing the action to this Court, Defendant should have availed itself of the appropriate statutory provision, pursuant to which the state court, on motion, is to order the Plaintiff to respond to a demand for total damages." Id. (citing Noguera v. Bedard, 2011 WL 5117598, at *2).

Other courts have reached the same conclusion. In Woodley v. Massachusetts Mutual, the court remanded the case where the notice of removal simply incorporated by reference the plaintiff's demand for judgment "in an amount in excess of the maximum monetary jurisdiction of all lower Courts." No. 08 CV 0949, 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008). Finding that the reference to the monetary jurisdiction of the lower courts referred to the fact that the lower state courts in New York may not entertain actions seeking more than $25,000, the Woodley court held that this alone failed to satisfy defendants' burden. Id. Further, since the complaint failed to allege "the details of the injury or the treatment" received, defendants had not adequately established the amount in controversy exceeded $75,000. Id. (citing Lupo v. Human Affairs Int'l, 28 F.3d 269, 273-74 (2d Cir. 1994)). The Woodley court also referenced N.Y. C.P.L.R. § 3017(c), stating that this provision allows defendants to exercise their rights to ascertain the amount in controversy by demanding a supplemental ad damnum clause. Id. at *1 n.1. Although the defendants in Woodley had requested a supplemental ad damnum clause

specifying the total amount of damages claimed and received no response, they "did not, apparently, move for an order compelling a response." Id. at n.2.

In its Notice of Removal, defendant Home Depot asserts that, before removing the action to federal court, it made an effort to obtain a statement of damages from plaintiffs in order to demonstrate that the amount in controversy exceeded the statutory requirement of $75,000. (Not. ¶ 5; Def.'s Opp. at 5-6). Specifically, Home Depot filed a Demand for Supplemental Statement of Damages pursuant to N.Y. C.P.L.R. § 3017(c). (See ECF No. 15-25). When, after months went by without a response to this Demand by plaintiff, the state court issued a Compliance Conference Order, so ordered on February 16, 2021, in which plaintiffs were to respond to the Demand for Supplemental Statement of Damages within thirty days. (Not. ¶¶ 9-11; ECF No. 15-8). According to Home Depot, plaintiffs failed to respond as ordered and instead served a notice seeking the identity of the Home Depot employee alleged to be involved in the accident. (Not. ¶¶ 10-11). Defendant states that "plaintiff's steadfast and completely unjustified refusal to comply with the State Court Order . . . makes it abundantly clear that plaintiff is simply looking to improperly avoid removal to Federal Court" and characterizes plaintiff's actions as "gamesmanship" and in "bad faith." (Id. ¶¶ 12, 25). Accordingly, defendant then filed its Notice of Removal on May 14, 2021, pursuant to 28 U.S.C. §§ 1441 and 1146(b). (See id.).

Home Depot further argues that "a preponderance of the evidence irrefutably demonstrates that the plaintiff's claims in this matter will exceed the jurisdictional amount." (Def.'s Opp. at 3). In support, defendant cites plaintiffs' refusal "in bad faith" to convey the amount in controversy for over a year, and notes that plaintiffs have not disputed that the amount in controversy exceeds $75,000. (Id.) However, courts have held that the failure of the plaintiff to refute the $75,000 amount is "without moment." Woodley v. Massachusetts Mutual, 2008

WL 2191767, at *2 n.2 (citing <u>Tongkook Am., Inc. v. Shipton Sportswear Co.</u>, 14 F.3d 781, 784 (2d Cir. 1994)); <u>see also</u> <u>Feliciano v. Target Corp.</u>, No. 19 CV 02706, 2019 WL 2210739, at *2 (E.D.N.Y. May 21, 2005) (holding that "Plaintiff's failure to respond to requests conceding that the amount in controversy exceeds $75,000 is insufficient to establish that the jurisdictional amount is satisfied"). As the court in <u>Woodley</u> noted, "[t]he burden of alleging and, if called upon to do so, establishing the amount in controversy rests squarely on the defendants' shoulder." 2008 WL 2191767, at *2 n.2; <u>see also</u> <u>Sabino v. Otis Elevator Co.</u>, No. 21 CV 3754, 2021 WL 2892077, at *2 (E.D.N.Y. July 9, 2021) (rejecting defendant's argument that "a defendant can remove a case with an uncertain amount in controversy, require the plaintiff to stipulate to a given amount of damages, and effectively shift the burden to the plaintiff to show that jurisdiction *does not* exist" (emphasis in original)). Even where a party has failed to respond to a Notice to Admit regarding the amount in controversy, which ordinarily would result in admission of the fact, at least one court has held that it is not proper to use a Notice to Admit when N.Y. C.P.L.R. § 3017(c) provides the appropriate method of ascertaining the amount in controversy. <u>See, e.g.</u>, <u>Feliciano v. Target Corp.</u>, 2019 WL 2210739, at *2.

Home Depot attempts to distinguish the <u>Cohen</u> case from the instant case, arguing that it did "exactly what Judge Irizarry stated Werner Co. failed to do," by serving the demand for a Supplemental Statement of Damages. (Def.'s Opp. at 6; <u>see</u> Not. ¶ 25). Moreover, defendant obtained a court order directing plaintiff to respond, but plaintiff here "has refused in bad faith and continues to refuse to convey the amount in controversy for over a year since it was first demanded on August 13, 2020." (Def.'s Opp. at 3). Although defendant justifies its filing of the Notice of Removal based on plaintiffs' refusal to respond, the court in <u>Noguera v. Bedard</u> made it clear that it was not enough that plaintiff failed to respond to the request or stipulate to

damages.  2011 WL 5117598, at *1.  Instead, the court held that "the plain language of New

York Civil Practice Law and Rule . . . 3017(c) accords defendants with an explicit remedy in the

face of plaintiff's failure timely to respond to the *ad damnum* demand; the state court, on motion,

may order plaintiff to respond."  Id. at *2.

Further, even though plaintiffs did not respond to the state court Order, it is not clear why

defendant filed the Notice of Removal instead of alerting the state court of plaintiff's continued

failure to respond.  As the court in Noguera noted, "[n]or is it the province of this Court, in the

face of its concerns regarding its own jurisdiction, to order plaintiff to respond when the state

court has the power – indeed, the statutory obligation – to consider so doing."  Noguera v.

Bednard, 2011 WL 5117598, at *2.  In fact, the Compliance Order issued by the state court in

this case provides that if "disputes arise about compliance with this Order," the parties are to first

confer and then, if still unresolved, "bring the dispute to the attention of the Court, which will

schedule a conference shortly thereafter to resolve the dispute."  (See ECF No. 15-8).

Defendant also challenges plaintiffs' reliance on the Second Circuit's decision in Moltner

v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010) (per curiam), arguing that Moltner in

fact "protect[s] a party's right to remove cases to Federal Court."  (Def.'s Opp. at 4-5).  In

Moltner, the court held that the amount in controversy is not established until "plaintiff serves

the defendant with a paper that explicitly specifies the amount of monetary damages sought."

624 F.3d at 38.  As a result, the Second Circuit denied the plaintiff's motion for remand on the

grounds of untimely removal, holding that the 30-day time period to remove a matter does not

begin to run until defendant is served with "the first paper that explicitly states the facts

establishing removability," including the amount in controversy.  Id. at 35.  The Moltner opinion

is inapposite to this case; although defendant is correct in its assertion that the time for removal

does not begin to run until defendant is served with a paper establishing the amount in controversy, it is clear that defendant has not yet received this information.  Further, plaintiffs do not contend that defendant's removal was untimely, only that it was improper.  (See Pls.' Mem. 2-3).

Finally, to the extent that defendant argues that the description of the plaintiff's injuries provides a sufficient basis for inferring that the amount sought in damages is greater than the jurisdictional threshold of $75,000, the Court notes that "plaintiff is the master of its claim whose monetary demand is to be accorded deference," and that even where "[d]efendant's calculations may give it a good faith basis for having signed the notice of removal, [] it is not up to defendant to tell plaintiff the amount for which he is suing." Wellington v. American Sec. Ins. Co., No. 18 CV 7132, 2019 WL 1060801, at * 1 (E.D.N.Y. Mar. 6, 2019) (citations and quotations omitted); see Nogura v. Bedard, 2011 WL 5117598, at *3 (noting that a court "may consider evidence outside of a plaintiff's pleading to establish" the amount in controversy, but holding that the amount in controversy was not established where defendants did "not provide medical records, accident reports, or other information").  Here, defendant has only stated plaintiffs' alleged injuries, noting "unspecified economic damages" among other injuries (see Def.'s Opp. at 4 n.1), which is insufficient to establish that the amount in controversy exceeds $75,000.  See Lupo v. Human Affairs Int'l, 28 F.3d at 273-74; see O'Neill v. Target Corp., No. 21 CV 3262, 2021 WL 2634880, at *2 (E.D.N.Y. June 25, 2021) (collecting cases where injuries alleged but courts remanded because defendant did not establish the amount in controversy).

Having considered the parties' submissions and finding that defendant did not avail itself of all available means of determining the amount in controversy as provided by N.Y. C.P.L.R. § 3017(c), the Court respectfully recommends that plaintiff's motion for remand be granted on the

ground that defendant has failed to establish that the amount in controversy is not less than $75,000. The Court notes that it did not consider plaintiffs' request for an order compelling defendant to respond to its discovery demands regarding "Anthony" or its proposed amended complaint; upon remand, those would be issues for the state court to consider.

<u>CONCLUSION</u>

Accordingly, it is respectfully recommended that plaintiffs' motion to remand be granted. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; <u>Caidor v. Onondaga Cty.</u>, 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: February 11, 2022
Brooklyn, New York

_Cheryl L. Pollak_
CHERYL L. POLLAK
Chief United States Magistrate Judge
Eastern District of New York

14